IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAID AHMED HIRSI,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:17-cr-080<br><br>Judge Clark Waddoups |

This matter is before the court on a motion to obtain a transcript of a sentencing hearing. Transcript requests are governed by 28 U.S.C. § 753. Appellate courts have interpreted § 753 differently. This court is required to follow the law of the Tenth Circuit Court of Appeals. The Tenth Circuit has concluded "'an indigent defendant is entitled to have the government pay the fees for a copy of his transcript in a [legal] proceeding *only* if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit.'" *United States v. Schneider*, 559 F. App'x 770, 771 (10th Cir. 2014) (quoting *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993) (emphasis in original)); *see also* 28 U.S.C. § 753(f). This means a person is not entitled to a free transcript unless he has a suit pending and has demonstrated the transcript is needed to address a non-frivolous claim.

Here, the court is unaware of any suit filed by the defendant. Therefore, the requirements for a free transcript have not been satisfied and the court DENIES the motion (ECF No. 48). If the defendant wants to purchase the transcript of the sentencing hearing, he may do so by filing a new motion with the court. The court will then notify the court reporter of the purchase request.

SO ORDERED this 20th day of March, 2020.

                              BY THE COURT:

                              _____
                              Clark Waddoups
                              United States District Court Judge